William HEISEL, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

No. C83–444.

United States District Court, N.D. Ohio, E.D.

July 11, 1986.

Diane R. Newman, Akron, Ohio, for plaintiff.

Carolyn Watts Allen, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## ORDER

BATTISTI, Chief Judge.

On March 14, 1986, the Court ordered that plaintiff's counsel be awarded a reasonable attorney's fee of $3,840.00 (51.20 hours multiplied by $75) pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d)(1). On April 29, 1986, plaintiff's counsel filed a Supplemental Application for Fees, and based her additional award on the Social Security Act (the "Act"), 42 U.S.C. § 406. Defendant filed a Response and Objections to this Supplemental Application. Plaintiff's counsel had requested that defendant's Response and Objections be stricken from the record, but the Court recently denied such request.

The pleadings filed subsequent to the order of March 14, 1986 raise an issue of law which the Court deems important to consider at this time. Because of the importance of preserving the finality of court orders, these modifications are approached with great caution.[1] With this in mind, it should be noted that the modifications in the instant order are primarily to bring the earlier order on fees in line with the opinions issued by other federal courts. The Court is not, of course, obliged to follow the interpretations of the law of other circuits, unless it believes such interpretations to be correct, as it does on this issue. It should also be pointed out that as a practical matter, the modifications ordered today do not alter the dollar amount of the fee award which plaintiff's counsel will ultimately receive in this case, though the sources of the award are partially changed. The Court earlier determined that $3,840.00 was a reasonable attorney's fee in this case based on an hourly rate of $75 per hour,

---

1. Given the posture of this particular case, the Court can issue orders, though corrective in nature, on the matters before it. *Bookman v. United States*, 453 F.2d 1263, 1265, 197 Ct.Cl. 108 (1972). Also, both parties have in effect requested modification of the order of March 14, 1986 through their recent filings, thereby raising Fed.R.Civ.P. 59(e) and 60 as possible additional bases for this order.

and the instant order does not change this determination.[2]

■ Defendant properly contends that under the EAJA, plaintiff's counsel can be awarded a fee only for services performed in a court of law and not for services rendered in an administrative proceeding. The explicit language of § 2412(d)(1)(A) suggests as much, whereby "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party *in any civil action* (other than cases sounding in tort) brought by or against the United States *in any court* ..." (emphasis added). Recent case law also supports this interpretation of the EAJA. *See, e.g., Meyers v. Heckler*, 625 F.Supp. 228 (S.D.Ohio 1985); *Clifton v. Heckler*, 755 F.2d 1138, 1143 (5th Cir.1985); *Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir.1983); *Berman v. Schweiker*, 713 F.2d 1290, 1293 (7th Cir.1983). By the Court's calculations, then, plaintiff's counsel should receive an award for 31.40 hours based on a rate of $75 per hour pursuant to the EAJA.[3]

■ Attorneys representing clients in social security cases can also seek an award for their fees under § 406 of the Act. Recent case law as well as statutory amendments support this conclusion. *See Meyers, id.; Eustache v. Secretary of Department of Health and Human Services*, 601 F.Supp. 176, 178 (E.D.N.Y.1985); Pub.L. No. 99–80, § 3, 99 Stat. 186; H.R.Rep. No. 99–120, 99th Cong., 1st Sess. 20, *reprinted in* 1985 U.S.Code Cong. & Ad.News 148.[4]

As the Court in *Meyers* recently noted, there is a "fundamental difference" between the two types of awards.

Under section 406, the award comes out of the claimant's disability monies. But in the case of the EAJA, the award is authorized against the public fisc. An application under the EAJA is deemed to be made on behalf of the claimant by counsel, rather than, as with section 406, by counsel "against" his or her client and on his or her own behalf. Accordingly, any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel. *Meyers, id.* at 231 (citing *Eustache, id.*). Under this section, an award can be made for services rendered in court as well as for those in conjunction with an administrative proceeding. Such fee under § 406, however, cannot exceed 25 percent of the past-due benefits awarded to the plaintiff.

Upon closer examination of the claims which plaintiff's counsel has made for a fee award under the Act, the Court hereby orders that a fee of $3,840.00 (51.2 × $75) be awarded pursuant to § 406(b)(1) of the Act. In addition, plaintiff's counsel shall be awarded $2,355.00 (31.4 × $75) pursuant to the EAJA for representation of her client's interests in this Court. Because of the distinct purposes served by § 406 of the Act and by § 2412(d)(1) of the EAJA, plaintiff's counsel shall forward immediately to her client, William Helsel, the award under the EAJA, as such award represents a reimbursement to plaintiff.[5] The order

---

**2.** Whether an attorney is seeking a fee award under the EAJA, the Act, or both, Congress has authorized the courts to award only a "reasonable" fee. This limitation was recently reaffirmed in the amendments to the EAJA. *See* 1985 U.S.Code Cong. & Ad.News 148–149. The only additional explicit limitation on an award under the Act is the 25–percent ceiling. Based on information in the recent filings in this case, the award made in the instant order does not exceed this limitation.

**3.** This calculation is made from an affidavit filed by plaintiff's counsel on July 8, 1985. Although a precise line is difficult to draw between time spent in administrative proceedings and time spent in the judicial proceedings, the

calculation here was based on a starting point of January 30, 1983, when plaintiff's counsel prepared and filed the complaint. This calculation varies slightly from defendant's calculation of 31.30 hours.

**4.** Although the amendments to the EAJA do not apply to this case, they are helpful in clarifying congressional intent on this point of law.

**5.** This apparently would be the result under the amendments to the EAJA as well. *See supra* note 4 and accompanying text. No party is arguing that the amendments apply to this case. Nevertheless, it would seem rather odd if the Court chose to ignore a clearer statement of

issued in this case on March 14, 1986 is modified accordingly.

IT IS SO ORDERED.

congressional intent on a particular matter of law. Moreover, this result is consonant with the purpose behind the EAJA award provisions, as explained above, and avoids any problems which could have at least theoretically arisen under 42 U.S.C. § 406(b)(2).