Charles JANKOVICH,
Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services,
Defendant–Appellee.

Nos. 87–3037, 87–3550.

United States Court of Appeals,
Sixth Circuit.

Submitted June 17, 1988.

Decided Feb. 28, 1989.

---

Lester S. Potash, Lester S. Potash Office, Cleveland, Ohio, for plaintiff-appellant.

Michael Anne Johnson, Asst. U.S. Atty., Cleveland, Ohio, for defendant-appellee.

Before JONES, Circuit Judge, and PECK and LIVELY,* Senior Circuit Judges.

PER CURIAM.

The claimant in this Social Security disability case appeals from the magistrate's denial of his motion for attorneys fees filed pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1982) ("EAJA"), and also appeals from the magistrate's finding that the district court lacked jurisdiction over his separate motion for attorneys fees filed pursuant to 42 U.S.C. § 406(b)(1) (1982). Because we find that the Secretary's position had a reasonable basis in fact and law, and because we agree that the district court lacked jurisdiction over the claimant's section 406(b)(1) motion, we affirm the decisions below.

I.

The claimant, Charles P. Jankovich, was born January 23, 1926. He worked as an overhead crane operator and warehouse man from 1955 to 1981, and from October 1982 until January 1984, he was employed as a buffer/polisher. In September 1983, Jankovich fell off a stool at work and injured his shoulder.

Jankovich applied for disability benefits on August 22, 1984, stating that the onset of disability was January 24, 1984. After conducting a hearing and reviewing the evidence, the administrative law judge ("ALJ") concluded that Jankovich could perform his past relevant work as a buffer/polisher and therefore was not disabled. This determination became the final decision of the Secretary when the Appeals Council denied review on January 18, 1986.

Jankovich appealed the Secretary's decision to the district court, and the district court ultimately granted summary judgment in his favor. The district court held that the medical evidence submitted by Jankovich was sufficient to show that he could not perform his past relevant work. Specifically, the medical evidence showed that after Jankovich's surgery in January 1984, his physicians reported that he would be unable to work until his shoulder healed. Dr. Keith, the plaintiff's treating physician, opined that claimant had been totally disabled beginning January 24, 1984 by virtue of his shoulder injury, and further noted that Jankovich "had a recurrence of the rupture due to poor healing and separation of the rotator cuff or continued impingement syndrome." J.App. at 229. Dr. Keith therefore advised Jankovich that another shoulder operation would be necessary, and that only after surgery and a period of rehabilitation would he [Dr. Keith] be able to determine Jankovich's potential for returning to work. Jankovich was operated on in August 1985 and received instructions to consult Dr. Keith and resume occupational therapy upon discharge. The record shows that the claimant suffers from post rotator cuff repair, acromiopolasty, degenerative arthritis, disc syndrome of the lumbar spine and other afflictions.

The Secretary, while acknowledging that Jankovich suffered from these medical problems, nevertheless argued that he retained the functional capacity to perform work that did not involve (1) lifting more than five to ten pounds by the upper left extremity, (2) lifting more than 20 pounds by either upper extremity, and (3) performing overhead work activities requiring use of the upper left extremity. The Secretary concluded that since Jankovich's past work did not exceed these limitations, he had the capacity to perform his past work. However, on August 26, 1986, a United States magistrate reversed the Secretary's decision and awarded Jankovich disability benefits.

Following the magistrate's order reversing the Secretary's decision, claimant filed a motion for attorneys fees pursuant to the

* The Honorable Pierce Lively became Senior Circuit Judge January 1, 1989.

EAJA. On December 12, 1986, the magistrate denied the motion and stated that the ALJ's decision denying benefits was "made competently, conscientiously and reasonably," and that the Secretary's position was therefore substantially justified. Jankovich appealed this decision.

On March 5, 1987, while the first appeal was pending with this court, Jankovich filed a second motion for attorneys fees pursuant to 42 U.S.C. § 406(b)(1). That motion included a statement of services rendered by date, although it did not include the hourly rate and summary of time expended representing Jankovich. On May 7, 1987, the magistrate denied Jankovich's second motion for attorneys fees, finding that it did not have jurisdiction to hear this motion because the first appeal was pending. Jankovich has appealed both the May 1987 order and the December 1986 decision regarding the EAJA claim. These appeals have been consolidated.

## II.

■ The EAJA provides in pertinent part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). The first question before us is whether the Secretary's position in this case was "substantially justified."

■ Jankovich argues that the 1985 amendments to the EAJA and the legislative history of that statute place the burden upon the Government to demonstrate that its position was substantially justified. Further, Jankovich contends that the standard for evaluating the Government's position under the EAJA is more than mere reasonableness. The Supreme Court, however, has recently adopted the reasonableness standard in *Pierce v. Underwood*, ——

U.S. ——, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The *Pierce* Court stated that the term "substantially justified" suggested "two commonly used connotations of the word 'substantially,'" and that "the one most naturally conveyed ... is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.*, 108 S.Ct. at 2550. Thus, the proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person. *Pierce*, 108 S.Ct. at 2547; *Trident Marine Const. v. District Engineer Etc.*, 766 F.2d 974 (6th Cir.1985). We noted in *Trident* that a denial of attorneys fees under the EAJA is reviewed under an abuse of discretion standard. *Id.* at 980. Under the special application of this standard which is applicable in this context, we accept the factual findings of the district court unless they are clearly erroneous and review *de novo* the district court's evaluation of the Government's position. *Id.*

■ The magistrate who reviewed the Secretary's final decision determined that the Government's position was substantially justified under the standard set forth in *Trident Marine*. In support of his conclusion, the magistrate noted that:

> Plaintiff's past relevant work was extraordinarily sedentary. However, his shoulder impairment uniquely impinged upon his functional ability to perform this work, thus the court found there was not substantial evidence. The decision of the ALJ reflects it was made competently, conscientiously and reasonably. Whether there was substantial evidence to support the decision was a close question.

Appellant's Br. Addendum B at 3. Jankovich contends that the Government has failed to show that its position was substantially justified. He also argues that the magistrate's decision reversing the Secretary's denial of benefits is at variance with the subsequent decision denying attorneys fees under the EAJA. In light of *Pierce*, we find these arguments unpersua-

sive. We believe that a review of the record shows that while the Secretary's position was not supported by substantial evidence, it was grounded in a reasonable belief in fact and law that Jankovich is not disabled. For example, Drs. Scott and Jones concluded that while Jankovich had decreased ability to reach over his head as a result of pain in his shoulder, he had the functional capacity to perform his prior work. Dr. Hefflefinger similarly concluded that Jankovich could return to his prior relevant work. The medical reports of Drs. Harshman and Saghafi also support the magistrate's conclusion that the Government had a reasonable basis for its position.

Regarding the alleged contradictions in the magistrate's decisions, we are unpersuaded by Jankovich's argument. The magistrate noted in his December 1986 decision that "[i]t might very well be, in view of the rather sedentary nature of plaintiff's past relevant work, that he is now capable of performing it, assuming his second rotator cuff repair operation was successful." Appellee's Br. Addendum A at 6. Based on this statement, we do not believe that the magistrate's second opinion is fatally inconsistent with the first. Because we find that the Government's position was substantially justified and that the magistrate's decisions were not fatally inconsistent, we affirm the judgment of the magistrate as to the EAJA claim.

### III.

We now turn to the second appeal which concerns the district court's denial of the motion for attorneys fees filed pursuant to 42 U.S.C. § 406(b)(1). In his motion, Jankovich's attorney requested an award equal to twenty-five percent of Jankovich's past due benefits. The magistrate determined that since the case was on appeal from an earlier order, the court did not have jurisdiction. On appeal, Jankovich's counsel contends that since attorneys fees can be awarded under both the EAJA and section 406, both motions were collateral to the underlying judgment; therefore, he argues, the appeal of one motion would not cause the court to lose its jurisdiction with respect to the other.

In 42 U.S.C. § 406(b)(1), Congress promulgated guidelines for awarding attorneys fees and regulatory fee arrangements between claimants and their attorneys in social security cases. That section provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provision of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to the amount of such past-due benefits.

Section 406(b)(1) was designed to regulate fee arrangements between claimants under the Social Security Act and their attorneys. *Wolverton v. Heckler,* 726 F.2d 580, 582 (9th Cir.1984) ("The stated purpose of the provision is to protect Social Security claimants from 'inordinately large fees' demanded by attorneys").

Although the interaction between the EAJA and section 406(b) is an issue of first impression for this court, this matter has been discussed by lower courts in this circuit. In *Helsel v. Heckler,* 644 F.Supp. 74 (N.D.Ohio 1986), Chief Judge Battisti noted that attorneys representing clients in social security actions may seek awards under the EAJA "only for services performed in a court of law" and "can also seek an award for their fees under § 406...." *Id.* at 75. In *Meyers v. Heckler,* 625 F.Supp. 228 (S.D. Ohio 1985), Judge Spiegel clarified the distinction between the two awards when he observed that:

> [U]nder section 406, the award comes out of claimant's disability monies. But in the case of the EAJA, the award is authorized against the public fisc.... An application under the EAJA is deemed to be made on behalf of the claimant by

counsel, rather than, as with section 406, by counsel 'against' his or her client and on his or her own behalf.... Accordingly, any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel. *Id.* at 231 (citations omitted).[1]

While it is well established that the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals to all matters involved in the appeal, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam), that rule of exclusive jurisdiction is based on judicial prudence and is not absolute. *Hoffman v. Beer Drivers & Salesmen's Local No. 888*, 536 F.2d 1268, 1276–77 (9th Cir.1976). Rather, this judicially-created doctrine is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously. *See* 9 J. Moore, B. Ward & J. Lucas, Moore's *Federal Practice*, ¶ 203.11 at 3–44 n. 1 (2d ed. 1983). Thus, federal courts repeatedly have held that the filing of a notice of appeal in the underlying action does not affect the district court's jurisdiction to consider a post-judgment motion for attorneys fees. *See Morgan v. Union Metal Mfg.*, 757 F.2d 792, 794 (6th Cir.1985).

In the instant action, Jankovich filed a motion for attorneys fees pursuant to the EAJA on September 12, 1986. This motion was filed earlier than the section 406(b)(1) motion because under the EAJA, the plaintiff has only thirty days from entry of final judgment to make an application for attorneys fees and expenses. The magistrate denied the motion for attorneys fees on December 12, 1986 and a timely appeal

followed. On March 5, 1987, Jankovich's attorney filed the section 406(b)(1) motion. This motion was denied because the district court believed it lacked jurisdiction. We recognize that EAJA and section 406(b)(1) motions have little in common and require separate resolution. Furthermore, we recognize that the district court generally retains power to award attorneys fees after the notice of appeal has been filed in the underlying action. However, in this case, the pending appeal on the EAJA motion caused the entire record to be filed with this court. Under these circumstances, we find that the magistrate was justified in denying jurisdiction. Accordingly, we affirm the judgment of the magistrate as to this issue.

### IV.

Because we conclude that the Government had substantial justification for its position regarding the EAJA claim, and because we agree that the district court lacked jurisdiction over the section 406(b)(1) motion, we hereby AFFIRM the judgments below and REMAND to the magistrate the section 406(b)(1) fee application.[2]

---

1. In the 1985 reauthorization, Congress amended the EAJA to provide explicitly that section 206(b) of the Social Security Act does not prevent a fee award under the EAJA. Act of Aug. 5, 1985, Pub.L. No. 99–80, § 3, 99 Stat. 183, 186. The legislative history "clarifies that an EAJA award in Social Security cases is not precluded by the fee provision in the Social Security Act, 42 U.S.C. § 406(b). The bill also prohibits attorneys from collecting both EAJA fees and § 406(b) fees in the same case. In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." H.R.Rep. No. 120, 99th Cong. 1st Sess. 7 (1985), U.S.Code Cong. & Admin.News 132, 135–36. *See also Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).

2. *See, e.g., Glass v. Secretary of Health and Human Services*, 822 F.2d 19, 22 (6th Cir.1987) ("sufficient explanation by the district court of its reasoning and calculations will provide a record conducive to meaningful review").