George H. SEYMORE, Jr., SSN 416–56–3931, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. C87–1334.

United States District Court,
N.D. Ohio, E.D.

Jan. 31, 1990.

---

Kirk B. Roose, Oberlin, Ohio, for plaintiff.

Mark A. McClain, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Currently pending is Seymore's motion seeking an award of counsel fees in this Social Security disability case pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Secretary opposes the motion by arguing that this Court lacks jurisdiction to make such an award. For the reasons stated, the Court finds that it has such jurisdiction and that an award of $5,365.09 pursuant to EAJA is appropriate.

The facts of this case are as follows. Seymore filed for Social Security disability benefits on June 3, 1986 alleging disability as of May 24, 1986 due to an abnormal spine and a dislocated disc. In January 1987 he began to experience psychiatric problems. The Administrative Law Judge ("ALJ") on December 17, 1986, after a hearing, recommended that the application be denied. This recommendation was adopted by the council on April 3, 1987 and Seymore then filed an appeal to this Court. Seymore then moved in the alternative for either reversal of the Secretary's decision or for a remand for consideration of his psychiatric condition. The motion for remand was granted with the following instructions:

> Upon such further proceedings the plaintiff would have the opportunity to submit whatever detailed medical evidence and opinion his treating physicians may be in a position to provide speaking to the issue of mental impairment. It would certainly seem appropriate for the Secretary to obtain consultative psychological and/or psychiatric evaluation, and the plaintiff is obviously free to under-

take such evaluative examination if he so chooses.

It is, accordingly, recommended that plaintiff's unopposed supplemental motion for remand be granted for the purpose of determining whether the plaintiff suffers from a mental impairment of consequence in relation to his alleged disability.

Magistrate's Report and Recommendation at p. 2–3 (Adopted by this Court on June 1, 1988).

On remand, the administrative law judge (ALJ) recommended granting Seymore's application with a disability date beginning May 24, 1986. This recommendation was accepted by the appeal council on May 18, 1989. No final judgment has been entered in this Court. Seymore seeks both an entry of a final judgment and an award of counsel fees based upon the judgment. The Secretary opposes the motion on the grounds that this Court lacks jurisdiction.[1]

*Jurisdiction*

The Secretary argues that the remand of the case to the Secretary was tantamount to a dismissal and thus the Court has no jurisdiction to hear the application for EAJA fees because there has been no appeal from a final decision of the Secretary as required by 42 U.S.C. § 405(g). The Court finds that just the contrary is true under § 405(g) and the recent decision of *Sullivan v. Hudson,* —— U.S. ——, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989).

Section 405(g) provides in part as follows:

The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the

Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact of his decision, or both, and shall file with the court any such additional and modified finding of fact or his decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

This sets forth two grounds for remand both of which require the Secretary to take additional evidence if ordered and affirm or modify the decision. After issuing a decision on remand, the Secretary *shall* file with the court the modified findings of fact or his decision. This requirement to file with the court after remand is not discretionary and does not hinge upon the decision made at the administrative level. Thus, the district court case is not complete upon the issuing of an order of remand and indeed, no appeal can be taken from that order. *See Guthrie v. Schweiker,* 718 F.2d 104, 106 (4th Cir.1983) (also holding that after remand, § 405(g) requires that the Secretary must file the additional and modified decision, findings and transcript).

■ The Secretary relies upon the case of *Sullivan v. Hudson,* —— U.S. ——, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989) which discussed remands based upon legal and factual errors and courts continuing jurisdiction over such cases did not specifically address the type of remand involved here— one for the taking of new evidence. However, the court held generally that:

the remanding court continues to retain jurisdiction over the action within the meaning of the EAJA, and may exercise that jurisdiction to determine if its legal instructions on remand have been followed by the Secretary.

*Id.* 109 S.Ct. at p. 2255. This holding is not limited to particular types of remand. Thus, under the language of the statute and the reasoning of *Hudson,* this Court

---

1. The Secretary also seeks leave, if the Court finds it has jurisdiction, to then address the merits of the EAJA application. The Secretary essentially seeks the opportunity to file two responses to one application for fees. The Court agrees with Seymore that this creates protracted and piecemeal litigation. The Secretary's motion is denied.

retains jurisdiction to determine the merits of the EAJA application.

To hold otherwise could lead to contradictory results. A claimant, whose benefits are denied at the administrative level, but who receives them on an order from the district court based on a legal error, could obtain EAJA fees. A claimant whose case is remanded once but then prevails in the district court could also receive EAJA fees because the court would have jurisdiction. But, the claimant who prevails upon remand, but who had to go to district court to obtain a remand, would be without recourse to receive fees.

A claimant's ability to have an EAJA application ruled on by the district court, once the case has initially been brought into district court, should not be dependent upon the stage of proceedings at which he then becomes the prevailing party.

The language of the statute mandates that a case which is remanded be returned to federal court. This is sufficient to give the Court continuing jurisdiction.

Accordingly, the Court finds that Seymore's motion for entry of a final judgment affirming the Secretary's decision is well taken and a final judgment affirming the decision will be entered.

*Fees Pursuant to EAJA*

EAJA provides as follows:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Seymore seeks an EAJA award of $5,264.90 in fees and $100.00 in costs.

■ An EAJA award differs from a fee award pursuant to the Social Security Act in that the EAJA award is paid from the government fisc and not from the claim-

ant's award of benefits. *Jankovich v. Secretary of Health and Human Services*, 868 F.2d 867, 870 (6th Cir.1989) (citing *Meyers v. Heckler*, 625 F.Supp. 228 (S.D.Ohio 1985)).

An application under the EAJA is deemed to be made on behalf of the claimant by counsel, rather than, as with section 406, by counsel 'against' his or her client and on his or her own behalf.... Accordingly, any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award [pursuant to § 406] to his or her counsel.

*Jankovich*, 868 F.2d at 870–71 quoting *Meyers*, 625 F.Supp. at 321. Counsel must refund to the claimant, if fees are awarded under both EAJA and § 406, the amount of the smaller fee. *Jankovich*, 868 F.2d at 871 n. 1.

■ An award under EAJA is permitted only when the government's position was not substantially justified. The proper standard then is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich*, 868 F.2d at 869 relying on *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988). EAJA by its own language limits fee awards to proceedings before a court of law. However, where a claimant petitions a court for judicial review and the case is subsequently remanded to the Secretary for further proceedings, an EAJA award is then possible for the representation during the remand proceedings. *Sullivan v. Hudson*, —— U.S. ——, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989). The remand proceedings become an integral part of the judicial proceedings which justifies the fee award. *Id.*

The Secretary's request to bifurcate his response has been denied, and the Court will examine the only objections made to date to the fee request. The Secretary argues that Seymore is not a prevailing party because his lawsuit was not the catalyst or the cause of his achievement of favorable results. The Secretary asserts that an administrative route was still open

to the plaintiff because he could have sought an administrative reopening of the record and thus, his lawsuit cannot be considered as having played a causal role in the receipt of benefits. The cases relied upon by the Secretary involve the Reform Act and reconsiderations and remands mandated by that act. *Hendricks v. Bowen,* 847 F.2d 1255 (7th Cir.1988). Congress changed the law, and required the Secretary to reconsider all appropriate claims, regardless of whether a lawsuit had been filed.

■ Such is not the case here. There is no indication that the Secretary, without prodding from claimant, would have reconsidered his position. Seymore had to affirmatively seek the results he desired and the remand for consideration of the psychiatric evidence achieved favorable results. The Secretary argues that there was no evidence of his psychiatric problems prior to January 1987 but the Secretary found him disabled based upon psychiatric impairments and mental retardation beginning in May *1986.* Thus, it is clear that the remand achieved substantial results for plaintiff. The existence of alternative means to achieve similar results does not mean that the means chosen, a federal suit, were not causally related to the results achieved.

■ Further, Seymore was unrepresented at the initial proceedings. Despite the fact that he was unrepresented, and that the Secretary has an obligation to develop all the medical evidence, 42 U.S.C. § 423(d)(5)(B), no medical records were obtained from Dr. Mahajan, one of Seymore's treating physicians. Seymore notified the Secretary on three occasions that he was receiving treatment from this doctor. (Tr. 91, 99, 104). At least one court has considered the failure of the Secretary to develop the record as an indication that the Secretary's position was not substantially justified. *Allen v. Schweiker,* 666 F.Supp. 720 (E.D.Pa.1986). An exploration of Dr. Mahajan's records would have revealed that prior to January 1987 Seymore was already showing signs of dementia and had a flat affect. A development of those medical records and possible consultative

examination could have obviated the later need for Seymore, after being denied benefits based upon an *incomplete* medical record, to hire an attorney and pursue judicial remedies. Thus, the Court finds that the Secretary's position was not substantially justified.

■ The Court also finds that it is appropriate to award fees for the fee application itself. *See Trichilo v. Secretary of Health and Human Services,* 823 F.2d 702, 708 (2nd Cir.1987). To hold otherwise could result in the " 'Kafkaesque judicial nightmare' of an infinite regression of suits to recover fee for fees and assessment in each of whether the immediately previous government opposition was 'substantially justified.' " *Id.* (citations omitted).

■ Seymore also requests compensation for his attorney at the rate of $129.00 per hour for Mr. Roose, $110.00 per hour for Mr. Birmingham and $35.00 per hour for a paralegal's time. This represents an increase from the proposed EAJA ceiling of $75 per hour. EAJA does permit a departure upward in the hourly rate where the court finds there has been an increase in the cost of living. In *Chipman v. Secretary of Health and Human Services,* 781 F.2d 545 (6th Cir.1986), the court held that it was not an abuse of discretion for the district court to decline to increase the hourly rate to above $75.00. The court noted in dicta that in 1985 when Congress reenacted EAJA it did not raise the hourly rate from the $75.00 ceiling enacted in 1980. The court did not, however, discuss the statutory history nor hold that it would be an abuse of discretion to adjust the statutory rate upward.

Here, Seymore requests that this Court adjust the rate to $129 and $110 per hour based on increases in the cost of living since the original enactment of EAJA. The Court finds that a cost of living adjustment is appropriate and that the reasoning of the Second Circuit in *Trichilo,* 823 F.2d at 704–06 is persuasive. As the court noted, Congress was concerned with the effects of inflation on the $75 per hour ceiling. In this case, the Court finds that it is appropriate to adjust the rate upward.

The Court also finds that the number of hours spent, particularly in view of the thoroughness of counsel's briefing, is reasonable. The hours and rate requested for the paralegal's assistance are also reasonable.

Accordingly, Seymore's EAJA application is granted in full. It is hereby ordered that the Secretary is to pay counsel $5,365.09 for counsels' and the paralegal's time and the costs. In conclusion, pursuant to 42 U.S.C. § 405(g) the Secretary's decision after appeal is affirmed and pursuant to the EAJA an award of $5,365.09 is made against the Secretary.

IT IS SO ORDERED.