38 F.3d 1215
 Unempl.Ins.Rep. (CCH) P 14262B
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paula BOGYUS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3459.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 1
 Before: KEITH and DAUGHTREY, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Paula Bogyus appeals a district court judgment that denied her application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The EAJA application was based on Bogyus's successful appeal of a prior district court judgment that affirmed the Secretary's denial of her claim for social security disability benefits and supplemental security income. Bogyus had alleged that she was disabled due to systemic lupus erythematosus ("SLE"). The Secretary initially found that Bogyus was not disabled because she could perform a full range of light work. The district court granted the Secretary's motion for summary judgment, based largely on a medical advisor's testimony which indicated that the evidence regarding lupus was inconclusive.
 
 
 4
 On June 18, 1992, our court vacated the district court's judgment and remanded the case for further proceedings. This court found that Bogyus met the diagnostic criteria for disabling SLE because the medical record included several positive antinuclear antibody ("ANA") tests. See 20 C.F.R. Part 404, Subpt. P, App. 1, Sec. 10.04. However, positive ANA testing may indicate conditions other than SLE. Thus, a remand was necessary to determine whether Bogyus also met the severity requirement of listing 10.04. Upon remand, a different ALJ found that Bogyus had SLE as well as a severe mental impairment. The ALJ found that Bogyus was disabled because the combination of these impairments met or equaled the criteria that are listed at 20 C.F.R. Part 404, Subpt. P, App. 1, Sec. 12.05(C).
 
 
 5
 On October 13, 1993, Bogyus filed an application for attorney's fees under the EAJA. The district court denied this application on February 18, 1994, after finding that the Secretary's initial position was substantially justified. It is from this judgment that Bogyus now appeals.
 
 
 6
 To recover attorney's fees under the EAJA Bogyus must be a prevailing party, the government's position must be without substantial justification and there must be no special circumstances which would warrant a denial of fees. See Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). It is undisputed that Bogyus is a prevailing party, and the Secretary has not cited any special circumstances in this case. Thus, our analysis focuses on whether the district court abused its discretion when it found that the Secretary's position was substantially justified.
 
 
 7
 The Secretary's position is substantially justified if it is justified to a degree that could satisfy a reasonable person. See Perket v. Secretary of Health and Human Servs., 905 F.2d 129, 132 (6th Cir.1990). Bogyus argues that the Secretary's prior determination could not have been substantially justified because it was contrary to this court's decision remanding her case. However, the Secretary's position may be substantially justified even if it is ultimately determined to be erroneous. See United States v. Real Property Located at 2323 Charms Rd., 946 F.2d 437, 440 (6th Cir.1991).
 
 
 8
 It was not unreasonable for the Secretary to rely on the medical advisor's testimony which indicated that Bogyus did not have active SLE because she had tested negatively for anti-DNA antibodies. The medical advisor indicated that this test was more sophisticated than testing for ANA. Hence, the ALJ had a reasonable basis for finding that Bogyus's condition was not equivalent to listing 10.04, even though he relied on criteria that went beyond the requirements of that listing. See Jankovich v. Bowen, 868 F.2d 867, 870 (6th Cir.1989) (per curiam). The reasonableness of the Secretary's position is further demonstrated by the district court's initial opinion which affirmed the denial of benefits. See Sigmon Fuel Co. v. Tennessee Valley Authority, 754 F.2d 162, 167 (6th Cir.1985).
 
 
 9
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation