70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leontine McGAHA, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1063.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: BATCHELDER and MOORE, Circuit Judges, and ENSLEN, Chief District Judge.*
 
 ORDER
 
 2
 Leontine McGaha appeals a district court judgment that denied her application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The EAJA application was based on McGaha's successful appeal of a prior district court judgment, which had affirmed the Secretary's denial of her claim for social security disability benefits and supplemental security income. An Administrative Law Judge ("ALJ") had found that McGaha was not disabled because her impairments were not severe, even though she suffered from hypertension, a mild pulmonary disease and the residuals of lung cancer surgery. A magistrate judge subsequently found that there was not substantial evidence to support the ALJ's finding. However, the district court rejected the magistrate judge's recommendation and awarded summary judgment to the Secretary. On appeal, this court found that there was not substantial evidence to support the ALJ's finding of non-severity. Thus, the court vacated the district court's judgment and remanded the case for completion of the sequential evaluation process that is set forth in 20 C.F.R. Secs. 404.1520 and 416.920.
 
 
 4
 The magistrate judge denied McGaha's application for EAJA attorney fees, after finding that the government's initial position had been substantially justified. The district court denied McGaha's objections to the magistrate judge's order on November 28, 1994, and it is from this judgment that she now appeals.
 
 
 5
 The district court's decision regarding McGaha's EAJA application is reviewed for an abuse of discretion on appeal. See Willis v. Sullivan, 931 F.2d 390, 399 (6th Cir.1991).
 
 
 6
 The EAJA provides in pertinent [part] that a court shall award fees to a prevailing party other than the United States in any civil action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. Sec. 2412(d)(1)(A). Thus, three conditions must be met in order to recover attorney fees under the EAJA: 1) the claimant must be a prevailing party; 2) the government's position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees.
 
 
 7
 Id. at 401. It is undisputed that McGaha is a prevailing party, and the Secretary does not argue that special circumstances warrant the denial of attorney fees. Therefore, the analysis in this case turns on whether the district court abused its discretion when it found that the government's position was substantially justified. The government's position meets this test if it is "justified to a degree that could satisfy a reasonable person." Perket v. Secretary of Health and Human Servs., 905 F.2d 129, 132 (6th Cir.1990) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).
 
 
 8
 McGaha argues that the government's position was not substantially justified because it was rejected by this court on appeal. However, this court's prior decision was not rendered until after the government took the position that is the basis of McGaha's fee application. McGaha has not cited any authority which clearly shows that the government's position was legally incorrect when it was taken. Hence, the government's position may have been substantially justified, even though it was subsequently rejected by this court. See United States v. Real Property Located at 2323 Charms Rd., 946 F.2d 437, 440 (6th Cir.1991); Couch v. Secretary of Health and Human Servs., 749 F.2d 359, 360 (6th Cir.1984) (per curiam).
 
 
 9
 It was not unreasonable for the government to argue that McGaha's condition was not severe, as there was evidence in the record which could have been interpreted as indicating that her ability to work was not significantly limited. See 20 C.F.R. Secs. 404.1521(a) and 416.921(a). McGaha's lung cancer was successfully treated with surgery, and she did not receive any other significant remedial therapy. Her breathing capacity was not significantly reduced, and pulmonary function studies indicated only mild obstructive and restrictive airways disease. X-rays did not reveal any metastasis, and an examining physician found no prolongation of expiration, rales, rhonchi or wheezing. The opinions of McGaha's physicians also provided a reasonable basis for the government's position. In particular, we note that McGaha's surgeon reported that she had made a good recovery and that she did not need further treatment. Hence, the government had a reasonable basis for arguing that McGaha's condition was not severe, even though its position was ultimately unavailing. See Jankovich v. Bowen, 868 F.2d 867, 870 (6th Cir.1989) (per curiam). While it is not conclusive on this issue, the district court's decision to affirm the denial of benefits also indicates that the government's position was reasonable. See Sigmon Fuel Co. v. Tennessee Valley Auth., 754 F.2d 162, 167 (6th Cir.1985).
 
 
 10
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Richard A. Enslen, United States Chief District Judge for the Western District of Michigan, sitting by designation