69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Toni G. TATE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3992.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1995.
 
 Before: NORRIS, SUHRHEINRICH and GIBSON,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Toni G. Tate, in an action challenging the denial of supplemental security income ("SSI"), appeals from the district court's denial of her motion for attorney's fees filed pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 ("EAJA"). Plaintiff ultimately prevailed in her claim for SSI benefits. The sole issue presented in this appeal is whether the district court abused its discretion by denying plaintiff's motion for attorney's fees on the basis that the position of the Secretary was "substantially justified" as required by the EAJA. We AFFIRM.
 
 I.
 
 2
 Plaintiff was thirty-five years old at the time of her application for SSI benefits in 1991. She had most recently been employed for three years as a nurse's aide. In 1990, plaintiff left her job and applied for SSI benefits due to severe headaches caused by a cyst on her brain. Her claim for benefits was denied, and she was granted a hearing before an administrative law judge ("ALJ"). The ALJ concluded that plaintiff could perform her past relevant work as a nurse's aide and therefore was not disabled. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied review on September 1, 1992.
 
 
 3
 On appeal to the district court, the magistrate judge reversed the Secretary's denial of benefits, finding a lack of substantial evidence in the record to support the Secretary's position. The magistrate subsequently denied plaintiff's motion for attorney's fees under the EAJA, finding that although the ALJ's decision was not supported by substantial evidence, the Secretary's position was nonetheless "substantially justified" and therefore an award of attorney's fees to plaintiff under the EAJA was not required.
 
 
 4
 Plaintiff contends that the magistrate's finding of substantial justification for the purpose of denying attorney's fees is inconsistent with the finding of a lack of substantial evidence for the purpose of reversing the denial of benefits. According to plaintiff, in denying the plaintiff's motion for attorney's fees, the magistrate did not adequately weigh certain factors indicating that the Secretary's position was not substantially justified. These include the ALJ's errors in reviewing the record, the ALJ's evaluation of plaintiff's daily activities out of context, and the brevity of the hearing.
 
 II.
 
 5
 We review denial of attorney's fees under the EAJA under an abuse of discretion standard. Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir.1989) (per curiam). We examine the district court's factual findings for clear error, and its legal conclusions de novo. Id. at 869.
 
 The EAJA provides in relevant part that:
 
 6
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 7
 28 U.S.C.A. Sec. 2412(d)(1)(A) (West 1994) (emphasis added).
 
 
 8
 The EAJA does not specifically define substantial justification, but states merely that the determination shall be made "on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based)...." 28 U.S.C.A. Sec. 2412(d)(1)(B). The Supreme Court, however, has adopted a reasonableness standard for determining if substantial justification exists. Pierce v. Underwood, 487 U.S. 552, 563-68 (1988). For the government's position to be substantially justified under the EAJA, its position must be "justified in substance or in the main" Id. at 565 (citation omitted). Thus, the proper standard in EAJA cases is whether the government's position was justified, both in fact and law, to a degree that could satisfy a reasonable person. Pierce, 487 U.S. at 565; Jankovich, 868 F.2d at 869.
 
 
 9
 This court confronted an argument similar to plaintiff's in Jankovich. In Jankovich, as in the instant case, the plaintiff argued that the magistrate's decision reversing the Secretary's denial of benefits was at variance with the subsequent denial of attorney's fees. Jankovich, 868 F.2d at 868. We affirmed the denial of attorney's fees, observing that in light of Pierce, substantial evidence to support the Secretary's position was unnecessary because it was nonetheless "grounded in a reasonable belief in fact and law that Jankovich is not disabled," thereby satisfying the substantial justification standard. Id. at 870.
 
 
 10
 In the instant case, the magistrate's opinion reversing the denial of benefits contains no language conceding the difficulty of the case, as there was in Jankovich. The magistrate's opinion in our case states that the ALJ relied on an incomplete review of the record, and analyzed plaintiff's severe headache pain "as though it were a back injury," focusing on plaintiff's mobility instead of her incapacitating headaches. (Mem.Op. p. 7.) The magistrate found "no ambivalence" in the record regarding plaintiff's alleged disabling pain, dizziness and blackouts. (Id. at 8.)
 
 
 11
 Resolution of the two opinions may be difficult in the instant case, but nonetheless we find sufficient evidence in the record to justify the magistrate's finding that the Secretary's position was substantially justified. The ALJ relied on plaintiff's level of activity and mobility in determining that her impairments did not prevent her from performing her past relevant work. (J.A. at 12.) Plaintiff testified that she lived alone in an apartment and maintained a valid driver's license without any restrictions. (Id.) Plaintiff also testified that she performed a variety of household tasks such as cooking, bedmaking, vacuuming, sweeping, and laundry twice a week. (Id.) Plaintiff also indicated in her testimony that she left her job as a nurse's aide not because of her headaches, but because her employer cut her hours down to fifteen hours a week. (Id. at 32.) Moreover, the ALJ did not ignore evidence of plaintiff's pain, dizziness and shortness of breath, but rather made a credibility determination, concluding that plaintiff's allegations that certain symptoms were disabling were not supported by the evidence. (Id. at 15.) See Bradley v. Secretary of Health & Human Servs., 862 F.2d 1224, 1227 (6th Cir.1988) (ALJ may consider plaintiff's credibility in evaluating complaints of pain).
 
 
 12
 The district court disagreed with the ALJ's credibility determination, but reversal of the Secretary's denial of benefits without a remand alone does not compel us to conclude that the Secretary's position was not substantially justified. We conclude instead that the Secretary's position falls within the limits set by Pierce for substantial justification. A position "can be justified even though it is not correct," and can be "substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. 566 n. 2. The Secretary's position was substantially justified under this standard, and therefore the magistrate did not abuse his discretion by denying an award of attorney's fees under the EAJA.
 
 III.
 
 13
 Because we conclude that the government had substantial justification for its position regarding plaintiff's claim for benefits, the order of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation