**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0221n.06

No. 10-4528

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 24, 2012**

LEONARD GREEN, Clerk

JAMIE RATLIFF, )
                                   )
    Plaintiff-Appellant, )    ON APPEAL FROM THE
                                   )    UNITED STATES DISTRICT
v.                              )    COURT FOR THE NORTHERN
                                   )    DISTRICT OF OHIO
COMMISSIONER OF SOCIAL SECURITY, )
                                   )
    Defendant-Appellee. )

Before: GRIFFIN and KETHLEDGE, Circuit Judges; THAPAR, District Judge.[*]

PER CURIAM. Jamie Ratliff appeals a district court order that denied her application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. We affirm.

Ratliff filed an application for social security disability benefits in 2004, alleging that she became disabled in 2003 due to mental illness. An administrative law judge ("ALJ") denied the application, and the Appeals Council declined further review. However, the district court reversed the ALJ's decision on March 5, 2010, and remanded the case because the ALJ had not articulated sufficient reasons for failing to give controlling weight to the opinion of Ratliff's treating physician, Dr. Samer Alamir. *See* 20 C.F.R. § 404.1527(d). The district court explained that it was remanding the case for further proceedings, without directing that benefits be awarded to Ratliff, because the

---

[*] The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

evidence of her disability was not overwhelming and because Dr. Alamir's opinion was contrary to the assessment of two state agency psychologists. Neither party appealed that judgment.

Instead, Ratliff filed a timely application for attorney fees and expenses under the EAJA. The district court found that the Commissioner's position had been substantially justified and denied the application on October 7, 2010. It is from this order that Ratliff now appeals.

We generally review the denial of an EAJA application for an abuse of discretion. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 855 (6th Cir. 1997). In pertinent part, the EAJA provides that a court shall award fees and other expenses to a prevailing party other than the United States in any civil action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Thus, to recover attorney fees and expenses under the EAJA: 1) Ratliff must be a prevailing party; 2) the Commissioner's position must lack substantial justification; and 3) there must be no special circumstances that would warrant a denial of fees. *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

It is undisputed that Ratliff is a prevailing party, and the Commissioner does not argue that special circumstances warrant the denial of attorney fees. Therefore, the analysis in this case turns on whether the district court properly found that the Commissioner's position was substantially justified. The Commissioner's position meets this test if it is "justified to a degree that could satisfy a reasonable person." *Damron*, 104 F.3d at 855 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner's position may be substantially justified even if it is rejected by the district court. *See Damron*, 104 F.3d at 855-56; *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984).

Ratliff argues that the district court erred in defining the government's position solely as the litigation position that the Commissioner took in the district court, without regard to the position that the ALJ took in the administrative proceedings. As discussed more fully below, this argument is based on a misreading of the district court's opinion.

"The single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' . . . operates as a one-time threshold for fee eligibility." *Comm'r, INS v. Jean*, 496 U.S. 154, 160 (1990). Thus, "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA–like other fee-shifting statutes–favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 161-62.

In the present case, the district court properly noted that the relevant inquiry concerning the government's position was whether it was reasonable for the Commissioner to defend the ALJ's decision to deny benefits, even though the ALJ had not articulated sufficient reasons for rejecting the opinion of Ratliff's treating physician. *See Anderson v. Comm'r of Soc. Sec.*, No. 98-6284, 1999 WL 1045072, at *4 (6th Cir. Nov. 12, 1999) (unpublished). The court found that the Commissioner was substantially justified in defending the ALJ's decision, despite the deficiencies in the ALJ's analysis of the treating physician's opinion in light of the evidence casting doubt on Ratliff's disability. Thus, the district court considered the ALJ's articulation error, but denied the EAJA application because the Commissioner's position on the ultimate issue of the denial of benefits was substantially justified. *See id.*

Ratliff also asserts that the district court erred by applying a "per se rule" that the government's position is substantially justified whenever a court remands a case to correct an articulation error. However, the district court did not refer to a per se rule in its opinion. Instead,

the court relied on *Anderson* and other persuasive authority to find that the Commissioner's decision to defend the ALJ's denial of benefits was substantially justified. Indeed, the court distinguished a case which held that the Commissioner's position was not substantially justified, even though that case also involved a remand to correct an articulation error.

Finally, Ratliff argues that, in denying her EAJA application, the district court placed undue reliance on the undisputed fact that the evidence of her disability was not overwhelming. The district court did not abuse its discretion in this regard because the strength of Ratliff's administrative case was relevant to the Commissioner's justification for the denial of benefits. *See Damron*, 104 F.3d at 856; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).

Accordingly, the district court's order is affirmed.