**Edith M. GIARDA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. C 88–867.**

United States District Court, N.D. Ohio, E.D.

Oct. 24, 1989.

---

Louise Mosher, Cleveland, Ohio, for plaintiff.

Maureen Murphy, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## POST–JUDGMENT MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

On February 10, 1989 this Court, adopting a report and recommended decision of Magistrate Perelman, entered final judgment reversing the Secretary's denial of plaintiff's claim for disability insurance benefits, ordering that she be granted such benefits consequent to her application of June 25, 1986.

Presently before this Court is plaintiff's "motion for payment of attorney fees", seeking an award "in the amount of $6,118.00 to her attorneys, to be paid by the defendant pursuant to the Equal Access to Justice Act [hereinafter EAJA], 28 U.S.C. § 2412, or out of the plaintiff's award of retroactive benefits pursuant to the Social Security Act, 42 U.S.C. § 486." That motion is supported by an itemized fee bill of plaintiff's counsel, Louise Mosher, reflecting a total of 26.75 hours devoted to the representations of the plaintiff, and by an affidavit of Ms. Mosher which, in pertinent part, states she was advised that two other attorneys had declined to file an appeal on behalf of the plaintiff and that:

5. Claimant and I entered into a contingent fee contract authorizing one to receive ¼ of the post due benefits if successful.[1]

6. I accepted said contingent contract knowing there was tremendous risk that I would not be paid because if the case had a chance of success the other two knowledgeable attorneys would not have refused representation.

\* \* \* \* \* \*

10. My normal hourly rate for non-contingent matter is $115 to $125 per hour.

The government has filed two separate responses to plaintiff's motion. The first response speaks only to the application for an EAJA award. Therein it is argued that the government's litigation position was substantially justified, within the standards of *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), so that an award of EAJA fees is unwarranted. The second response addresses the application for statutory fees under 42 U.S.C. § 406, with the government contending that the award sought by counsel is excessive, and suggesting that an award of $3,343.75, representing an hourly fee of

---

1. Also appended to the motion is a contingent fee agreement executed between the plaintiff and counsel July 22, 1988 calling for payment of

a 25% contingent fee or a fee of $115.00 per hour, whichever is the greater, if an award of benefits was recovered.

$125 applied to the 26.75 hours of services, would be appropriate.

■ In passing upon plaintiff's application this Court will first consider the issue of what a proper fee allowance to counsel would be, and will then consider the question of whether the government may be required to bear any or all of such fee under EAJA.

In *Rodriguez v. Bowen*, 865 F.2d 739 (6th Cir.1989), the Sixth Circuit considered the issue of the standards to be applied in passing upon fee applications under 42 U.S.C. § 406. The Court held that if there is a contingent fee contract calling for counsel to receive the maximum of 25% of past-due benefits permitted under § 406 that amount represents a benchmark to which counsel is presumptively entitled, and that reductions from such a fee should only be made for improper conduct on ineffectiveness of counsel, or in cases in which such an award would represent a windfall to counsel. *Id.* at 747.

In this case there is a 25% contingent fee contract between attorney and client. The statutory retention against fees, per the Award Certificate of March 22, 1989, is $6118.25. There is no suggestion by the government, that counsel's conduct was improper or her services ineffective, nor could there be any support for such a position. Consequently, counsel would be entitled to the full statutory retention, unless this Court was to determine that such an award represented a windfall.

In this Court's opinion, such an award would represent a windfall, based upon the time counsel expended in this case. Looking to the rates of $115 per hour, being that specified in the contingent fee contract, or $125 per hour, the maximum referred to in counsel's affidavit, counsel's fee for 26.75 hours of services would be either $3076.25 or $3343.75. The $6118.00 fee sought by counsel is almost double the mid-point between those amounts, and this

Court believes that such a multiplier is in the windfall category.

Recognizing that *Rodriquez* calls for looking to the maximum statutory fee as the benchmark, and taking into account that two other attorneys declined representation,[2] this Court believes that a $4900.00 fee would be appropriate. Such amount represents approximately a 20% reduction from the amount sought, and is also slightly greater than a 5% increment over counsel's regular fee schedule. Realizing that there is no "bright line" between reasonableness and windfall, in this Court's opinion such award takes the fee allowance out of the realm of windfall.

■ Turning now to the issue of whether a part of that fee is recoverable under EAJA, this Court looks to the holding of the Supreme Court in *Pierce v. Underwood, supra*, that:

> substantially justified under EAJA is not "justified to a high degree," but rather "justified in substance or in the main"— that is, justified to a degree that would satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by ... the vast majority of ... Courts of appeals that have addressed this issue.

108 S.Ct. at 2550. *See Jankovich v. Bowen*, 868 F.2d 867 (6th Cir.1989).

In defending the denial of plaintiff's claim, on this appeal the government's brief set out, for the most part, generalities applicable to Social Security disability reviews, and placed substantial reliance upon a report of a treating physician that following a laminectomy the "plaintiff had *total relief of pain* and [he] discharged her with an excellent prognosis", defendant's motion for summary judgment, p. 8 (emphasis as in original). However, as the Magistrate pointed out, in a determination with which this Court concurred, that statement was made in a discharge summary eight days

---

**2.** This Court is somewhat surprised at that circumstance. As is plain from the determination on the EAJA issue, at least in this Court's opinion the merit of plaintiff's claim was patent on the record. The only reason this Court can think of for other experienced counsel not undertaking plaintiff's appeal is that on occasion even the best of lawyers makes a mistake in judgment.

after surgery, and it is clear from the totality of the evidence that within six months after surgery the plaintiff's condition had deteriorated to a point where her treating physician believed that she was unable to engage in any work activities, an opinion not contradicted, directly or implicitly, by any other physician. This being so, this Court cannot consider defendant's litigation position as one which "would satisfy a reasonable person", *Pierce v. Underwood, supra.*

In addition, although certainly not determinative on the issue, in determining whether the defendant's litigation position was substantially justified this Court cannot disregard the fact that the defendant did not object to the Magistrate's ruling, thus waiving any right to appellate review thereof, *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Applying the $75.00 hourly rate allowable under EAJA to the 26.75 hours of service produces a fee award of $2006.25. That amount must be offset against the fee award allowable under 42 U.S.C. § 406.

In conclusion, a total fee of $4900.00 is approved for plaintiff's counsel. The application for an EAJA award is granted, and such fee is allowed in the sum of $2006.25. The balance of the fee allowance, $2893.75, shall be paid to counsel pursuant to 42 U.S.C. § 406 from the statutory retention for fees, with the remainder of such retention, $3224.50, to be remitted to the claimant.

IT IS SO ORDERED.