Robin Q. MARTIN, Plaintiff–Appellant,

v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION, Defendant–
Appellee.

No. 02–5464.

United States Court of Appeals,
Sixth Circuit.

Nov. 18, 2003.

Eugene C. Gaerig, Hartsfield & Gaerig, Memphis, TN, for Plaintiff-Appellant.

Susan Meehan, Janice E. Barnes-Williams, Kansas City, MO, for Defendant-Appellee.

Before MOORE and COLE, Circuit Judges; and SARGUS, District Judge.*

SARGUS, District Judge.

This matter is before the Court for consideration of a number of pending motions. Robin Q. Martin, Plaintiff–Appellant moves for clarification as to the onset date for payment of disability benefits. She also moves for attorney's fees under the

---

\* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412; for an order compelling the Appellee to explain computation of back benefits; for an order holding the Appellee in contempt; and, for an order prohibiting a user's fee under 42 U.S.C. § 406(b). The Court will address these motions, *seriatim.*

## I.

█ Plaintiff–Appellant Martin moves the Court to establish the onset date from which disability payments are payable. Martin first filed an application for disability benefits on March 21, 1996. This application was initially denied on April 20, 1996 and no appeal taken thereafter. She filed a second application on December 17, 1996, which was denied on January 29, 1997. Again, no further appeal was filed.

The third application was filed on July 1, 1998. While this third application was pending, Martin filed a Petition to Reopen the prior denials issued in 1996. The petition to reopen was never ruled upon by the Administrative Law Judge, the Appeals Council or the district court. Martin urges this Court to find that the decision and order of the Administrative Law Judge was a *de facto* reopening of the prior denials. Under Martin's analysis, benefits could then be payable from July of 1996 and thereafter.

In response, the Commissioner also urges this Court to establish the onset date of disability. The Commissioner cites to the case of *Crady v. Secretary of Health & Human Services,* 835 F.2d 617 (6th Cir.1987). In *Crady,* this Court held that when the same claim has been presented in successive applications, the ALJ may apply the doctrine of administrative *res judicata. Id.* at 620, citing 20 C.F.R. §§ 404.957(c)(1), 416.1457(c)(1). The ALJ may, however, reopen a prior application without expressly saying so. *Id.* (citations omitted).

The Commissioner notes that the ALJ in this case did not mention the prior applications and did not apply the doctrine of *res judicata.* The ALJ expressly evaluated the Plaintiff's condition as of July of 1995, which was the alleged onset date from the Plaintiff's 1996 applications. Finally, as the Commissioner notes, the ALJ did indicate that his decision was based on the July 1, 1998 application.

Before the district court, the Commissioner agreed in her Memorandum in Support of the Commissioner's decision, "that a *de facto* reopening occurred and the ALJ considered whether the Plaintiff was disabled since July 15, 1995." (*Memorandum in Support* at 4). The ALJ expressly considered the report of Dr. Haykal who described that he had hospitalized Martin in July of 1995 due to depression and anxiety. His report verifies that she has been disabled since July 12, 1995 which was her last day of gainful employment.

Based on the holding in *Crady, supra,* this Court finds that the ALJ implicitly reopened the prior applications. The ALJ made no reference to the prior adverse determinations, did not apply principles of *res judicata* and otherwise evaluated the Plaintiff's condition as of July of 1995.

Based upon the foregoing, this Court grants the Motion for Clarification and establishes the onset date of disability to be July of 1995.

## II.

█ The Plaintiff has also moved for recovery of certain costs incurred in the prosecution of her appeal. She seeks reimbursement in the amount of $364.16. The Commissioner agrees with this amount, with the exception of a charge of $117.61. This amount reflects the cost to

produce and file the testimony of Martin's treating psychiatrist, psychologist and therapist. Because these medical providers were of importance to the issues raised in the appeal, the Court finds that Martin's request for costs is well taken. It is therefore ORDERED under Fed. R.App.P. 39 that the Commissioner pay to the Appellant the sum of $364.16.

### III.

■ Counsel for Martin has requested payment of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner agrees that Martin's counsel is entitled to an award of EAJA fees, although an amount much smaller than that requested.

The EAJA contains two theories under which attorney's fees may be awarded to a party who has successfully litigated against the United States or one of its agencies. Under 28 U.S.C. § 2412(b) fees may be awarded upon a showing that the United States or its agency acted in bad faith. *Maritime Management, Inc. v. United States,* 242 F.3d 1326, 1331 (11th Cir.2001). Under § 2412(d)(1)(A), attorney's fees may be awarded "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Under this provision, attorney's fees are limited to the sum of $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A).

■ After reviewing the record in this case, this Court is not convinced that the Commissioner acted in bad faith sufficient to justify an award of attorney's fees under § 2412(b). The Commissioner does not dispute that an award of EAJA fees under § 2412(d) is appropriate. She does, however, contend that the fees sought by Martin's attorney are not justified. This Court initially finds that the rate of $125.00 per hour, as set by the statute, should apply in this case, notwithstanding Martin's counsel's claim that he should be entitled to a higher rate. This determination does not affect fees payable under 42 U.S.C. § 406(b)(1), as described *infra.*

■ The Commissioner also contends that a number of billable hours claimed by Martin's counsel should not result in compensation. Specifically, she contends that the 64.5 hours spent on her pursuit of an unsuccessful mandamus action should be disqualified. This Court agrees. Further, Martin's counsel has listed a total of 22.2 hours regarding research as to the issue of bad faith. Insofar as this Court has determined that the Commissioner has not acted in bad faith, these hours are also disallowed.

More fundamentally, neither party disputes that Martin's counsel may be entitled to attorney's fees under 42 U.S.C. § 406(b)(1). These fees may equal up to 25 percent of the amount withheld under Title II for benefits which have accrued from the established date of disability until institution of payment of benefits by the Commissioner. In light of this Court's establishment of the onset date of disability, it is likely that fees under EAJA will be substantially less than the fees payable to Martin's counsel under § 406(b)(1). Consequently, this Court is not inclined to engage in a line-by-line analysis of the hours requested for payment by Martin's counsel. The Commissioner has suggested that a reasonable attorney's fee under the EAJA would be $7,500.00. While this Court is not convinced that such amount would provide adequate compensation, even a tripling of this number, which

would represent 180 hours of billable time at $125.00 an hour, would still be substantially less than the amount represented by 25 percent of the accrued benefits. Consequently, the Court will defer resolution of the precise EAJA fees payable to Martin's counsel given the strong likelihood that any such fees would have to be remitted in light of a future award of attorney's fees made pursuant to § 406(b)(1).

■ Martin next moves for an order compelling the Commissioner to explain the financial basis for recovery of disability benefits. In addition, she moves for immediate payment of monthly benefits. Both of these motions depend upon a determination of the onset date of disability which is included in this Order. The Commissioner represents that she will calculate past due benefits once the onset date is established and that payment of benefits will thereafter commence. Based upon such representations, both Motions are DENIED as MOOT.

■ Martin also moves to hold the Commissioner in contempt as to a Notice of Award issued September 17, 2003. This notice calculated benefits with an onset date of disability commencing in July of 1997. This Order sets an earlier onset date of disability established to be July of 1995. This Court expresses its displeasure that Martin has moved to hold the Commissioner in contempt of an Order which has only this day been issued. This Court has no doubt that the Commissioner will honor the Order issued by this Court or otherwise appeal the same. The Motion to hold the Commissioner in contempt is DENIED.

■ Martin next moves to prohibit a user's fee imposed under 42 U.S.C. § 406(b) on an award of attorney's fees. The statute provides that a fee of 6.3 percent shall be applied following an award of

benefits and attorney's fees. The statute provides for no exceptions. Martin points to proposed legislation pending before Congress which, at this time, is of no relevance to the issue before this Court. Once attorney's fees are imposed pursuant to 42 U.S.C. § 406(b), such percent shall be applied, unless Congress acts to change the provisions of the statute. Martin's request to prohibit the user's fee is DENIED.

Finally, this Court has reviewed Martin's motion to strike the answer of the Commissioner to the EAJA petition. The Court finds the motion wholly without merit and it is therefore DENIED.