**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0228n.06
Filed: March 28, 2007

**No. 06-3365**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **DARLENE K. KING,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | **O P I N I O N** |
| *Defendant-Appellee*. | ) | |

BEFORE:   MARTIN, BATCHELDER, McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.**  Appellant Darlene King appeals the district court's denial

of her "Motion to Amend or Alter" the order denying her application for attorney's fees under the

Equal Access to Justice Act.  For the following reasons, we reverse and remand for consideration

of the merits of the application.

## I.  BACKGROUND

On December 20, 1999, appellant filed an application for supplemental security income

before an Administrative Law Judge (the "ALJ").  The ALJ denied benefits, and this denial became

the final decision of the Commissioner of Social Security (the "Commissioner") on March 13, 2002.

Appellant appealed this decision to the district court, which on March 15, 2004, reversed and

remanded the Commissioner's decision because it was not supported by substantial evidence.

On May 24, 2004, appellant filed an application before the United States Magistrate Judge[1] for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). The Commissioner filed a response opposing the application on the grounds that the "position of the United States was substantially justified" under § 2412(d)(1)(A), and appellant filed a reply to that response. On November 2, 2005, the district court denied the application, on the basis that appellant's counsel was applying for fees on her own behalf, rather than on behalf of appellant. Appellant apparently became aware of the denial only on November 21, 2005. She then filed a Motion to Amend or Alter Judgment on December 1, 2005, which the district court denied in a marginal order on December 5, 2005. Appellant filed a notice of appeal of that decision on February 3, 2006.

## II. TIMELINESS OF NOTICE OF APPEAL

Without a timely filed notice of appeal, this court lacks jurisdiction to entertain an appeal. *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998). "Whether this Court has subject-matter jurisdiction is a question of law that this Court reviews *de novo*." *Coles v. Granville*, 448 F.3d 853, 860 (6th Cir. 2006).

The timeliness of this appeal depends on whether it is taken from the district court's order of November 2, 2005, denying appellant's application for attorney's fees under the EAJA, or the marginal order of December 5, 2005, denying appellant's Motion to Amend or Alter. If the appeal

---

[1]Attorney's fees under the EAJA are determined by magistrates. *See Jankovich v. Bowen*, 868 F.2d 867, 868-69 (6th Cir. 1989). Proceedings before and decisions by the magistrate will hereinafter be referred to as before and by the district court.

is from the order of November 2, 2005, it is untimely. Under Federal Rule of Appellate Procedure 4(a)(1)(B), in litigation to which an agency of the United States is a party, notice of appeal must be filed "within 60 days after the judgment or order appealed from is entered." Appellant's February 2, 2006, notice of appeal was filed on the ninety-third day after the entry of the initial order on November 2, 2005.

Appellant argues that the sixty-day time limit was tolled by the filing of her Motion to Amend or Alter, filed on December 1, 2005. However, the filing of a post-judgment motion only tolls the period for filing a notice of appeal if the motion is filed within ten days of the entry of judgment. Fed. R. App. P. 4(a)(4)(A).[2] Appellant's motion was filed on the nineteenth day after the entry of judgment,[3] and therefore cannot act to toll the period for filing notice.

Appellant further argues that her motion should have been construed as timely because the court failed to provide her with notice of the November 2 order until November 21, 2005; the Motion to Amend or Alter was filed seven days later. However, under the Federal Rules of Civil Procedure, "[l]ack of notice of the entry [of an order or judgment] by the clerk *does not affect the time to appeal*

---

[2]Appellant's December 1 motion may be construed alternatively as a motion under Fed. R. Civ. P. 60(b) or Fed. R. Civ. P. 59(e), as explained in part III of this opinion. Only a timely filed motion will toll the period for filing a notice of appeal. Fed. R. App. P. 4(a)(4)(A); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978), *superseded in part by statute on other grounds*, 28 U.S.C. § 2254 Rule 5, *as recognized in Ukawabutu v. Morton*, 997 F. Supp. 605, 608 (D.N.J. 1998). A motion under Rule 59(e) is untimely if filed "later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Although the time limit for filing a motion under Rule 60(b) is longer, such a motion only tolls the period for filing notice of appeal if it is "filed no later than ten days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi).

[3]Not counting Saturdays, Sundays, or federal holidays, which are not counted if an allowable time period is fewer than eleven days. Fed. R. Civ. P. 6(a).

or relieve or authorize the court to relieve a party for failure to appeal within the time allowed," with an exception not applicable here. Fed. R. Civ. P. 77(d) (emphasis added). Likewise, the clerk's failure to notify a party of the entry of judgment does not affect the time to file a motion under Fed. R. Civ. P. 59(e). *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 682 (6th Cir. 1999) (quoting *Derrington-Bey v. D.C. Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994)). Thus, regardless of whether the clerk failed to give appellant the notice required under Rule 77(d), appellant's motion under Rule 59(e) was untimely, and could not toll the running of the time to file a notice of appeal. Therefore, if the instant appeal is from the district court's order of November 2, 2005, it is untimely, and the court cannot entertain it. Fed. R. App. P. 26(b).

However, this appeal may also be construed as taken from the district court's order of December 5, 2005, denying appellant's Motion to Amend or Alter Judgment without opinion. Indeed, the notice of appeal expressly states that the appeal is taken "from the Order [denying the] Motion to Amend or Alter Judgment entered in this action on the 5th day of December, 2005." Because the notice of appeal was filed on the sixtieth day after the entry of that order, it is timely under Fed. R. App. P. 4(a)(1)(B).

### III. ABUSE OF DISCRETION

A district court's ruling on a Rule 60(b) motion is reviewed for abuse of discretion. *Agostini v. Felton*, 521 U.S. 203, 238 (1997). Under this standard, reversal is warranted if the reviewing court has "'a definite and firm conviction that the trial court committed a clear error of judgment.'" *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir. 1990)).

The marginal order denying appellant's Motion to Amend or Alter Judgment reads only, "MOTION DENIED." As appellee points out, appellant's motion did not cite the procedural rule under which it was filed. Its title, however, makes apparent reference to the "Motion to Alter or Amend Judgment" provided for in Rule 59(e). Such a motion "shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). As noted above, appellant's motion was filed on the nineteenth day after entry of the order denying attorney's fees, and therefore was not timely for purposes of Rule 59(e).

Appellant's motion of December 1, 2005, could alternatively be regarded as a motion for "Relief from Judgment or Order" under Rule 60(b).[4] "Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Feathers v. Chevron USA*, 141 F.3d 264, 268 (6th Cir. 1998). Under Rule 60(b),

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

---

[4]Appellant characterizes it on appeal as a motion "pursuant to any/all Federal Civil Procedural Rules including 52, 54, 59, and 60." Appellant's Brief at 1.

Fed. R. Civ. P. 60(b). "In reviewing an order denying Rule 60(b) relief," appellate courts do not "review the underlying judgment," in this case, the denial of the application for attorney's fees, but "merely inquire as to whether one of the specified circumstances exists in which [the appellant] is entitled to reopen the merits of his underlying claims." *Feathers*, 141 F.3d at 268.

The "mistake, inadvertence, surprise, or excusable neglect" which permit relief under Rule 60(b)(1) include a mistake of law in the judgment or order from which relief is sought. *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 515 n.1 (6th Cir. 2001). Appellant argued in her Motion to Amend or Alter, and argues on appeal, that the district court essentially made a mistake of law in its denial of attorney's fees, because the cases cited by the district court in the November 2 order are not applicable to the situation in this case.

In this case, the pleadings read as a whole establish that appellant's attorney is seeking fees on behalf of her client; the cases cited in the district court's November 2 order all apply the rule that under the EAJA, attorney's fees can be awarded only on behalf of the party, not the attorney. In *Brown v. General Motors Corp.*, 722 F.2d 1009, 1011 (2d Cir. 1983), the Second Circuit affirmed the denial of attorney's fees under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, because the attorney applied for fees "in his own name as the real party in interest," having been fired by the actual party some time previously. The court noted additionally that fees were not warranted because the attorney had been "discharged by [the party] because of the latter's dissatisfaction with his representation," and that if courts allowed fees in such situations, "clients' control over their litigation would be subject to a veto by former attorneys no longer under an obligation of loyalty and perhaps aggrieved by the circumstances of their discharge." *Id.* By contrast, in this case, appellant's

counsel did not apply for fees as the real party in interest; rather, as she clarifies several times in her brief, she filed the application on behalf of appellant. Moreover, appellant had not discharged her counsel; counsel still represented appellant when appellant applied for attorney's fees, and continues to do so on appeal.

In *Knight v. United States*, 982 F.2d 1573, 1583-84 (Fed. Cir. 1993), although the application was partially in the name of the party, the court affirmed the denial of attorney's fees because the fees were actually incurred during the attorneys' efforts to collect their fees, not in securing a favorable judgment for the party. Here, the attorney's fees sought were incurred in the underlying litigation, namely, in seeking supplemental security income for appellant, as detailed in the "Schedule of Attorney Services" appellant submitted with her original EAJA application. Thus, neither *Brown* nor *Knight* applies to the situation here, in which fees are sought on behalf of appellant for work done to promote her interests.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). In *Commissioner v. Jean*, 496 U.S. 154 (1990), the Supreme Court explained that under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a
> "prevailing party"; (2) that the Government's position was not "substantially
> justified"; (3) that no "special circumstances make an award unjust"; and, (4)
> pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the
> court within 30 days of final judgment in the action and be supported by an itemized
> statement.

*Id.* at 158.

The Court of Appeals for the Federal Circuit clearly explained the relevance of the words "award to a prevailing party" in *Phillips v. General Services Administration*, 924 F.2d 1577 (Fed. Cir. 1991). The court held that under the statute, "any fee award is made to the 'prevailing party,' not the attorney. Thus, [the] attorney could not directly claim or be entitled to the award. It had to be requested *on behalf of the party*." *Id.* at 1582 (emphasis added).

However, a party cannot request an award of attorney's fees unless he is required to pay those fees to his attorney. As the *Phillips* court explained,

> [T]o be "incurred" within the meaning of a fee shifting statute, *there must also be an express or implied agreement that the fee award will be paid over to the legal representative*. The statute does not contemplate that a fee award may be made to a party to be retained. Thus, we have held in an analogous situation that a party acting *pro se* is not entitled to an attorney fee award.

*Id.* at 1583 (emphasis added). Thus, consistent with *Brown* and *Knight*, an attorney cannot bring an independent action for attorney's fees. However, attorney's fees awarded under the EAJA are payable to the attorney; they are awarded for the benefit of the party, but the money is not the party's to keep.[5] The cases cited by the Commissioner on appeal all affirm this principle.

The practice of Sixth Circuit courts is also consistent with this fact. In *Willis v. Sullivan*, 931 F.2d 390, 394 (6th Cir. 1991) (emphasis added), "Willis [the party] filed a petition for attorney fees under the EAJA," and "the magistrate issued a report and recommendation advising that *Willis'*

---

[5]The situation is different where a court has awarded attorney's fees under both the EAJA and 42 U.S.C. § 406(b), in which case the attorney must give the smaller of the two awards to the client. *Jankovich*, 868 F.2d at 871 n.1.

*attorney receive* EAJA attorney fees." This court affirmed the award of fees with a minor reduction in the hours for which fees were awarded. *Id.* at 400-02. Likewise, in *Hull v. Bowen*, 748 F. Supp. 514, 526 (N.D. Ohio 1990) (emphasis added), the district court held that "*counsel* is entitled to a fee award for all compensable hours under the EAJA assuming that the Secretary's [of Health and Human Services] position was not substantially justified, which this Court holds it was not." *See also Giarda v. Sec'y of Health & Human Servs.*, 729 F. Supp. 572, 575 (N.D. Ohio 1989); *Gaffney v. Comm'r of Soc. Sec.*, No. 00-cv-10336, 2004 U.S. Dist. LEXIS 9279, at *6 (E.D. Mich. Jan. 13, 2004) (report of magistrate judge), *rejected in part on other grounds*, No. 00-cv-10336, 2004 U.S. Dist. LEXIS 9278 (E.D. Mich. Jan. 26, 2004).

The Commissioner apparently was aware of this practice only three years ago. In *Martin v. Commissioner of Social Security*, 82 F. App'x 453, 456 (6th Cir. 2003) (emphasis added), this court stated that "[c]*ounsel for Martin* has requested payment of attorney's fees under the Equal Access to Justice Act . . . . The Commissioner agrees that *Martin's counsel* is entitled to an award of EAJA fees . . . ." Nevertheless, here the Commissioner argues on appeal that the district court properly denied appellant's fee application because the application contained the words "Now comes Plaintiff's attorney" and requested that the fees be paid directly to the attorney. As discussed above, however, attorney's fee awards are necessarily payable to the attorney, either directly or through the hands of the prevailing party.

Considering an argument similar to the Commissioner's here, the Second Circuit decided to address the merits of a fee application because although "the original application . . . was made in the name of . . . counsel," apparently without clarification before the district court, the client "filed

notice of this appeal in his own name." *Oguachuba v. INS*, 706 F.2d 93, 97-98 (2d Cir. 1983). The court held that "doubt may reasonably exist as to whether this substitution cures the defect in the initial application for fees," but "treat[ed the party's] . . . appeal as retroactively adopting his counsel's application for fees." *Id.* at 98.

In this case, only the words "Now comes Plaintiff's attorney" support the conclusion that counsel applied for fees on her own behalf, and this wording may well have been inadvertent. These words might also simply convey that counsel was representing appellant in her application for attorney's fees rather than substituting herself as the real party in interest. In any case, the name of the party in interest is indicated by the fact that the application is captioned in the name of appellant as plaintiff and signed by counsel as "Attorney for Plaintiff"; that appellant's reply to the Commissioner's response to the application properly begins, "Now comes Plaintiff, by and through her counsel"; and that the Commissioner's response itself begins, "This matter is before the Court on Plaintiff's application for attorney fees." Thus, appellant clarified the matter in several filings before the district court, beginning significantly before the application was denied. Finally, not only appellant's appeal, but also her Motion to Amend or Alter in the district court, was brought in her own name; in both, she plaintively and repeatedly explains that the application was not made by counsel as the real party in interest, but was "*on behalf of the Plaintiff*."

Unlike the applicant in *Oguachuba*, appellant did not make a doubtful last-minute substitution of herself as the real party in interest; rather, beginning before her application was denied and certainly before her appeal, she clarified repeatedly that she was the real party in interest. Thus, she did not merely "retroactively adopt" counsel's application for fees on appeal; rather, the

- 10 -

application was always appellant's, although inartfully styled. Because the district court's order of November 2, 2005, is supported by no authority holding that such less-than-artful wording should result in a denial of attorney's fees where they are otherwise appropriate under the EAJA, the order was based on a mistake of law, entitling appellant to relief under Rule 60(b)(1). Since one of the circumstances specified in Rule 60(b) exists under which appellant was entitled to have her underlying application for attorney's fees reopened, *Feathers*, 141 F.3d at 268, this court need not reach the question of whether the circumstances specified in 60(b)(2)–60(b)(6) also exist here.

Although the district court's order of November 2, 2005, denying attorney's fees evidently was in error, this court's review is limited to the denial of appellant's Motion to Amend or Alter under Rule 60(b). That denial is reversible only if it entailed an abuse of discretion. The district court's failure to recognize from appellant's Motion to Amend or Alter that the authority cited in the November 2 order does not support the denial of fees requested by a party and payable to the party's attorney was a "clear error of judgment." Therefore, the denial of appellant's motion under Rule 60(b) was an abuse of discretion.

## IV.  CONCLUSION

Therefore, we **REVERSE** the denial of appellant's Motion to Amend or Alter, and **REMAND** for determination of whether appellant is otherwise eligible for an award of fees under the test in *Commissioner v. Jean*.