James HAGMAN, Plaintiff,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant.

No. 5:06–cv–198–Oc–GRJ.

United States District Court,
M.D. Florida,
Ocala Division.

Dec. 27, 2007.

Carol Ann Avard, Douglas D. Mohney, Avard Law Offices, PA, Cape Coral, FL, for Plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, for Defendant.

## ORDER

GARY R. JONES, United States Magistrate Judge.

On October 29, 2007, Plaintiff filed an Uncontested Petition For EAJA Fees. (Doc. 29.) After the Court granted the petition (Doc. 30), the Plaintiff filed a Motion For Relief From Order Of October 30, 2007 Pursuant to Rule 60(b) (Doc. 31) to reflect that the Commissioner objected to the Petition for EAJA Fees and that Plaintiff mistakenly had represented that the Petition was uncontested. The Court granted Plaintiff's request and vacated its Order granting the petition for fees. (Doc. 32.) The Commissioner then filed a response in opposition. (Doc. 33.) After the Commissioner had filed its response in opposition, Plaintiff filed a Motion to Supplement and Reply to the Commissioner's Objections (Doc. 34)[1] and a Notice of Supplemental Authority (Doc. 35) and, therefore, this matter is ripe for review. For the reasons discussed below, Plaintiff's Petition for EAJA Fees is due to be **GRANTED.**

## I. BACKGROUND AND FACTS

Pursuant to the EAJA, Plaintiff requests an award of attorney's fees in the amount of $5,253.01, paralegal fees in the amount of $36.00, expenses in the amount of $2.25 and costs in the amount of $364.64. The total for attorney's services, expenses and costs are confirmed by the schedule of hours included in the original motion.

Plaintiff asserts that he is the prevailing party in this litigation, and that the Commissioner's position in the underlying action was not substantially justified. Plaintiff also states that Plaintiff's net worth at the time the proceeding was filed was less than two million dollars.[2] On September

---

1. Although, Local Rule 3.01(c) and (d), did not permit a reply to be filed without obtaining a court order, because the issue is one of first impression before this Court. Plaintiff's Motion to Supplement the Petition For EAJA Fees And Reply To Defendant's Objection To An Award Of EAJA Fees (Doc. 34) is due to be **GRANTED** and the Court will consider the reply attached to Plaintiffs motion to supplement.

2. Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no

28, 2007, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27.) Also on September 28, 2007, the Clerk entered judgment. (Doc. 28.) Plaintiff timely filed the petition for attorney's fees.[3]

In its response to Plaintiffs petition for attorney's fees, the Commissioner contends that Plaintiff should not be awarded EAJA fees because the Commissioner's position was substantially justified. In the alternative, the Commissioner requests that if the Court grants Plaintiff's Petition for EAJA Fees that the order direct the Commissioner to pay the fees directly to Plaintiff and not to Plaintiff's counsel, as requested in the Petition.

## II. *DISCUSSION*

### A. *Plaintiff Is Entitled To An Award of EAJA Fees*

■ There are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.[4] First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified. The only challenge by the Commissioner is to the third condition.

■ With regard to the issue of whether the Commissioner's position was "substantially justified" the Commissioner must "establish ... that there exists 'special circumstances' which countenance against the awarding of fees."[5] This means that the Commissioner must show that there was a "reasonable basis both in law and fact" for the "positions it took."[6] "An examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the [Commissioner]."[7] "Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees."[8] The government bears the burden of showing that its position was substantially justified, and "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified."[9]

In the Court's Order reversing and remanding this action for further proceed-

---

special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

**3.** Plaintiff must file an application for fees and other expenses within thirty (30) days of the "final judgment" in the action, which is defined as a judgment that is "final and not appealable." 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). According to the Federal Rules of Appellate Procedure, the Commissioner has sixty (60) days in which to appeal, see Fed. R.App. P. 4(a)(1)(B), after which a judgment becomes final and the plaintiff has thirty (30) days in which to file his application. Here, the judgment remanding was entered on September 28, 2007, and Plaintiff served his petition for EAJA fees on October 29, 2007.

Thus, Plaintiff's application for fees was timely filed.

**4.** *Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir.1990).

**5.** *Id.* (interpreting 28 U.S.C. § 2412(d)(1)(A)).

**6.** *Id.*

**7.** *Id.* at 666 n. 5.

**8.** *Id.* at 666 n. 5.

**9.** *Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir.1984).

ings, the Court found that the substantial evidence did not support the ALJ's conclusion that Plaintiff could perform his past relevant work. Specifically, the Court found that the "ALJ misconstrued or ignored the testimony from the VE that the Plaintiff could not perform any jobs at the light work level, including the salesman job, because of Plaintiff's neurogenic bladder." Accordingly, the ALJ erred by stopping the sequential evaluation at step four.

The Commissioner points out that Plaintiff's main argument was that the ALJ failed to properly develop the record because evidence was missing from the file. While the Court agrees with the Commissioner that his position was substantially justified regarding this argument, the Commissioner's position that the evidence supported the ALJ's conclusion that Plaintiff could not perform his past relevant work was not substantially justified.

Accordingly, at least as to this one issue the ALJ's decision did not have a reasonable factual basis and, therefore, the Commissioner's position was not substantially justified, thus entitling the Plaintiff to an award of attorney's fees under the EAJA.

## B. The EAJA Fees Can Be Paid Directly to Plaintiff's Attorney

■ The Commissioner argues in the alternative that if the Court concludes the Plaintiff is entitled to an award of EAJA fees, the Court should order the Commissioner to pay the fees directly to the Plaintiff and not to Plaintiff's attorney.

There has been very little dispute until very recently about the law governing this issue and the practice of paying fees di-

rectly to the plaintiff's attorney. In justifying departure from this practice, the Commissioner relies upon *Panola Land Buying Association v. Clark*[10] and *Reeves v. Barnhart.*[11]

A close reading of *Panola* does not support the Commissioner argument that the attorney's fees must be paid to the Plaintiff and not to Plaintiff's attorney. In *Panola* the plaintiff's *former* attorney—and not the plaintiff—requested permission to intervene as an independent party in order to file a petition to recover attorney's fees under the EAJA. The *Panola* court stated, "[I]t is readily apparent that the party eligible to recover attorney's fees under the EAJA as part of its litigation expenses is the prevailing party. The inquiry here, however, is whether under the EAJA Appellant as former counsel for Panola also has standing to claim attorney's fees from the government."[12] The court held that only the plaintiff as the prevailing party in the district court action was entitled to file a petition for attorney's fees under the EAJA and that the former attorney could not intervene and file an EAJA petition as an independent party. The *Panola* court did not, however, address the question of whether payment may be made directly to the attorney where the petition, as here, is filed on behalf of the plaintiff and not on behalf of the attorney as an independent party to the action.

In *Reeves* a judge in the Middle District of Alabama determined that an EAJA fee award belonged to the plaintiff and not to the plaintiff's counsel where the Commissioner had issued a check directly to the plaintiff, and before the monies were deliv-

10. 844 F.2d 1506, 1508 (11th Cir.1988).

11. 473 F.Supp.2d 1173 (M.D.Ala.2007)

12. *Id.* at 1509–510.

ered to the plaintiff, the Treasury Department offset an outstanding debt owed by the Plaintiff to a state governmental agency. The *Reeves* court interpreted *Panola* to mean that attorney's fees awarded under the EAJA belong to the Plaintiff and not to the Plaintiff's attorney. *Reeves* is currently on appeal to the Eleventh Circuit and was fully briefed on October 11, 2007.[13]

The Court finds that *Panola* is factually distinguishable from this case and that the reasoning in the *Reeves* case is not directly on point with this case. The petition in this case was filed on behalf of the Plaintiff—and not by the attorney or her own behalf like *Panola*—and there is no issue with regard to whether the Commissioner should offset the award for an outstanding debt owed by the Plaintiff to a governmental agency, as was the case in *Reeves*.

The Court is further unpersuaded by the Commissioner's argument because a narrow reading of the EAJA in isolation as prohibiting payment directly to the attorney for the plaintiff would render meaningless other language in the statute that

recognizes the obligation of an attorney to refund EAJA fees to a claimant where the attorney recovers both 406(b) fees and EAJA fees. The EAJA provides that "a court shall award [fees] to a prevailing party."[14] However, the statute goes on to provide in the "Savings Clause"[15] that an attorney must refund EAJA fees to the claimant if the fee is smaller than an award under 42 U.S.C. § 406(b). This additional language would have been completely unnecessary if EAJA fees were paid to the claimant and not to the attorney.[16]

Other courts also have been unpersuaded by the Commissioner's view that EAJA fees must be paid directly the to plaintiff and not to the attorney. For example, in *Whately v. Astrue*[17] a judge in the Northern District of Alabama recently rejected the identical argument made in this case by the Commissioner. The Sixth Circuit also addressed this issue this year and concluded that while an attorney cannot bring an independent action for EAJA attorney's fees, the fees are awarded for the benefit of the party but are not the party's fees to keep and thus are payable to the

---

**13.** The Court notes that the Commissioner requested that the motion be stayed pending the Eleventh Circuit's decision in *Reeves*. However, the Court declines to do so because *Reeves* is factually dissimilar, involving an offset instituted by the Treasury Department. To the Court's knowledge the Commissioner has not requested an offset in this case.

**14.** 28 U.S.C. § 2412(d)(1)(A)(2007).

**15.** Section 206(b) of Pub.L. 96–481, as amended by Pub.L. 99–80, § 3, Aug. 5, 1985, 99 Stat. 186, codified at 42 U.S.C. § 406(b), provides in relevant part:
Where the claimant's attorney receives fees for the same work under both section 206(b) of that Act [section 406(b) of Title 42] and section 2412(d) of Title 28, United

States Code [subsec. (D) of this section], the claimant's attorney *refunds* to the claimant the amount of the smaller fee. (emphasis added)

**16.** *See, also, Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (stating that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.' ")

**17.** Case No. 2:07–cv–00117–UWC (N.D.Ala. November 2, 2007).

attorney.[18] Lastly, in *Dixon–Townsell v. Bamhart*[19] the district court in the Northern District of Oklahoma last year set aside an offset made against EAJA fees and directed that the EAJA fees be paid directly to the attorney, reasoning that EAJA attorney's fees "[a]re intended to compensate Plaintiff's attorney, not generate income for a claimant." [20]

Permitting payment of EAJA fees directly to the attorney also is consistent with the broad purpose for enacting the EAJA. "Congress passed the EAJA in response to a concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.'" [21] If the Commissioner's narrow position was adopted, there would be a substantial risk that counsel for a successful plaintiff might not be paid, which could have a chilling effect on the willingness of attorneys to represent indigent claimants in Social Security cases thus thwarting the primary reason the EAJA was enacted.

Accordingly, for these reasons, the Court concludes that while an attorney does not have independent standing to request an award of EAJA fees on his or her own behalf, an attorney does have the right to file a petition for EAJA fees on behalf of his or her client and within that petition to request that payment should be made directly to the attorney.

Therefore, pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), the Court concludes that Plaintiffs Petition For Attorney Fees (Doc. 29) is due to be **GRANTED**. Defendant is directed to remit to counsel for Plaintiff attorney's fees in the amount of **$5,253.01,** paralegal fees in the amount of **$36.00,** expenses in the amount of **$2.25** and costs in the amount of **$364.64,** which costs shall be payable from the judgment fund administered by the United States Department of Treasury.

**IT IS SO ORDERED.**

**DONE AND ORDERED.**

**18.** *King v. Commissioner of Social Security,* 230 Fed.Appx. 476, 481–83 (6th Cir.2007).

**19.** 445 F.Supp.2d 1283, 1284–85 (N.D. Okla. 2006).

**20.** *Id.* at 1285.

**21.** *Sullivan v. Hudson,* 490 U.S. 877, 883, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989).